UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:15-CV-821-TBR-LLK

GEORGE A. GRAYIEL                                                              PLAINTIFF

v.

AIO HOLDINGS, LLC, *et al*.                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants AIO Holdings, LLC ("AIO"), Samir Anastas, and Gregory Anastas's (collectively, "Defendants") Motion to Strike Portions of Plaintiff George A. Grayiel's Witness List. [R. 106.] Grayiel responded, [R. 109], and Defendants replied, [R. 112]. Fully briefed, this matter is ripe for adjudication. For the reasons stated herein, Defendants' Motion to Strike, [R. 106], is **DENIED**.

## BACKGROUND

The factual allegations, as set out in the First Amended Complaint, [R. 86], assert a tangled web of fraud perpetuated by Defendants. [*See* R. 86 at 3-20 (First Amended Complaint).] Defendants disagree with this characterization. According to Grayiel, from January 2000 through December 2001 Martin Twist convinced him to invest nearly $900,000 in a natural gas endeavor. [*Id*. at 3-4.] Grayiel claims that Twist lied to him when Twist promised that investing in his natural gas well ventures was safe and would yield a high return. [*Id*. at 4.] Allegedly, Twist used business entities, such as AIO Holdings, LLC and Blue Light of Kentucky LLC, along with the continuing help of the other named defendants, Samir Anastas, Gregory Anastas, and Sarinprapa Teema, to divert investments, including Grayiel's investment, to Twist and the defendants for their personal use. [*Id*.]

1

Relevant to the matter at hand is the testimony of two witnesses, Jerry M. Layne, Sr. and Todd Pilcher. According to Grayiel, Layne is the owner of a portion of the land that produced the gas for Twist's ventures and he was party to discussions concerning the ownership of that property with Teema and Samir Anastas. [*See* R. 86 at 16-17, ¶ 93; R. 92 at 4 (Grayiel's Witness List).] Grayiel states that Pilcher was an employee of Twist and committed fraudulent actions involving AIO Holdings, LLC. [*See* R. 86 at 20, FN 14; R. 92 at 4.] In the witness list filed by Grayiel on August 29, 2017, Grayiel failed to list the contact information for Layne or Pilcher. [R. 92 at 4.] Defendants argue that these omissions violate the Court's scheduling orders, and now move to prohibit Layne and Pilcher from testifying and prohibit Grayiel from amending his witness list. [R. 106-1 at 1 (Memorandum in Support of Motion to Strike).]

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure ("FRCP") 37(c)(1), Defendants urge the Court to preclude Pilcher and Layne from testifying due to Grayiel's failure to list their contact information on his witness list. [R. 106-1 at 1.] Defendants also argue that Grayiel should be prohibited from adding to or amending his witness list. [*Id.*][1]

Rule 26 sets forth a general framework to regulate pretrial discovery. Of particular importance in this dispute is Rule 26(a)(3)(A)(i), which mandates that a party must provide to the other parties "the name and, if not previously provided, the address and telephone number of each witness--separately identifying those the party expects to present and those it may call if the need arises . . . ." Fed. R. Civ. P. 26(a)(3)(A)(i). Rule 37 dovetails with this requirement: If a litigant "fails to provide information or identify a witness as required by Rule 26(a) or (e), the [litigant] is not allowed to use that information or witness to supply evidence on a motion . . . or

---

[1] The Court also acknowledges the request of Defendants' Counsel to strike Grayiel's alleged accusation of underhanded conduct. [R.112 at 7-8.] In response, the Court has not considered the alleged accusation in its decision.

2

at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Exclusion "of late or undisclosed evidence is the usual remedy for noncompliance with Rule 26(a) or (e)." *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015). But that is not always the case, as the Rule gives the Court "the option to order alternative sanctions 'instead of' exclusion of the late or undisclosed evidence 'on motion and after giving an opportunity to be heard.'" *Id.* (quoting Fed. R. Civ. P. 37(c)(1)); *see also* 8B Charles Alan Wright et al., *Federal Practice and Procedure* § 2289.1 (3d ed.), Westlaw (database updated Apr. 2017).

Nonetheless, Grayiel may avoid sanction if "there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless." *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010) (quoting *Vance ex rel. Hammons v. United States*, 182 F.3d 920, 1999 WL 455435, at *6 (6th Cir. 1999) (unpublished table decision)). To assess whether a litigant's belated disclosure is "substantially justified" or "harmless," courts in this Circuit look to five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe*, 801 F.3d at 748 (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396–97 (4th Cir. 2014)); *see also Abrams v. Nucor Steel Marion, Inc.*, 694 F. App'x 974, 2017 WL 2297486, at *6 (6th Cir. 2017). These factors simply lend themselves "to the task at the heart of Rule 37(c)(1): separating 'honest,' harmless mistakes from the type of 'underhanded gamesmanship' that warrants the harsh remedy of exclusion." *Bentley v. Highlands Hosp. Corp.*, No. CV 15-97-ART-EBA, 2016 WL 5867496, at *10 (E.D. Ky. Oct. 6, 2016) (quoting *Howe*, 801 F.3d at 747, 749).

**A. Motion to Strike Witnesses: *Howe* Five Factor Test**

Overall, the *Howe* Test weighs in favor of Grayiel. First, Defendants do not seem to be surprised about the possibility of Layne or Pilcher testifying. In fact, Grayiel states that Defendants have been on notice about the two witnesses for months. [R. 109 at 7 (Grayiel Response).] In response, Defendants argue that their cognizance of a witness "does not absolve Plaintiff from compliance with the Court's order." [R. 112 at 5 (Defendants Reply).] Furthermore, Defendants claim that it is still not clear what information or evidence these two witnesses will bring against them. [*Id*. at 6.] Unlike most other cases where a party attempts to add a new witness at the eleventh hour, Defendants were made aware of these two witnesses in Grayiel's witness list from August of 2017, [R. 92]. *See Boegh v. United States*, No. 5:08-CV-150-R, 2010 WL 4286150 (W.D. Ky. Oct. 22, 2010) (allowing the late addition of a witness as a harmless error); *Consumer Fin. Prot. Bureau v. Borders & Borders, PLC*, No. 3:13-CV-1047-CRS, 2016 WL 9460472 (W.D. Ky. June 29, 2016) (striking the disclosure of 561 named consumers, seven of which provided statements, when the disclosure was tardy and the movant previously maintained that consumer harm was irrelevant to its theory of the case). Therefore, the issue of surprise weighs in favor of Grayiel.

Second, even if Defendants are surprised, there is enough time to cure this issue. As suggested by Grayiel, the Court could modify the closing of the discovery period for the purpose of allowing the parties to depose Pilcher and Layne. *See, e.g., Boegh*, 2010 WL 4286150, at *1 (allowing the nonmovant to depose a witness that was not disclosed during the discovery period); *United States v. Nugent*, No. 5:16-CV-380-JMH, 2017 WL 4249775, at *5 (E.D. Ky. Sept. 25, 2017) (allowing the nonmovant to depose a witness the movant did not identify during discovery). Thus, the ability to cure weighs in favor of Grayiel.

Third, it is unlikely that the addition of two depositions will disrupt a trial that is still seven months away.[2] *See Griffin v. Jones*, No. 5:12-CV-163-TBR-LLK, 2017 WL 4125759, at *5 (W.D. Ky. Sept. 18, 2017) (holding that reopening discovery for three additional depositions would not "frustrate the expedient resolution of this litigation");[3] *Pacheco v. Johnson*, No. 3:11-CV-221, 2017 WL 732313, at *3 (M.D. Tenn. Feb. 21, 2017) (holding that supplementing an expert's report would not disrupt the trial when the earliest date being considered for the trial was "several months in the future"). This should allow enough time for Defendants to prepare a motion for summary judgment, as well as prepare generally for trial. Furthermore, despite Defendants' arguments to the contrary, [R. 106-1 at 4], the responsibility of providing the contact information of these witnesses will fall on Grayiel, as they are his witnesses. Accordingly, the lack of disruption favors Grayiel.

Fourth, Grayiel alleges that the testimony at issue is important because it could reveal information regarding Twist, Teema, Samir Anastas, the Natural Gas Assets, AIO Holdings, LLC, and Gregory Anastas. [R. 92 at 4.] Granted, Defendants are correct in their perception that Grayiel's description of the expected testimony is vague. However, information regarding the ownership of gas wells and fraudulent acts involving some of the defendants is clearly important to Grayiel's claims of fraud in the defendants' management of the natural gas wells. Therefore, the importance of the evidence weighs in favor of Grayiel.

Finally, Grayiel's explains that he omitted the contact information for Layne and Pitcher because, despite his reasonable efforts, he has not been able to decipher their whereabouts until the most recent document production made by the defendants. [R. 109 at 7.] The Court agrees with Defendants that Grayiel never provided an explanation for why he could not obtain Layne's

---

[2] The trial date for this case is set for July 30, 2018. [R. 91 at 1.]
[3] It should be noted that there was not a trial date set at that point in *Griffin*. Still, the Court was not concerned about the addition of three depositions decelerating the litigation.

location from Lonny Armstrong, who is apparently in contact with Layne. [R. 112 at 3.] However, without more information from Grayiel, there is no way to be sure that Armstrong actually knows the current location of Layne. Although the balancing of this factor is close, the Court will accept Grayiel's explanation and allow him to swiftly update the contact information, as he states is now possible with this new information in hand, [R. 109 at 6].[4]

### B. Right to Supplement Witness List

Defendants object to any reservation and/or any supplementation to the witness list by Grayiel. Defendants argues that any such reservation or supplementation would violate the Court's scheduling order and defeat the purpose of having such deadlines in general. [R. 106-1 at 6.] In contrast to this assertion, Rule 26(e)(1)(A) requires:

> A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . ..

Fed. R. Civ. P. 26(e)(1)(A). More specific to the situation at hand, the Sixth Circuit has stated: "Indeed, the interplay between Rules 37(c)(1) and 26(e)(1)(A) requires that a party who has listed an incorrect or outdated address for a witness must supplement that disclosure by informing the opposing party of the new or correct address." *Emanuel v. Cty. of Wayne*, 652 F. App'x 417, 423 (6th Cir. 2016). Thus, under the Federal Rules of Civil Procedure, Grayiel is required to supplement his witness list with the contact information for Layne and Pilcher.

## CONCLUSION

---

[4] Defendants also reference an e-mail between the attorneys that was attached as an exhibit to Grayiel's Response in which Grayiel's counsel explained that he could not obtain Pilcher's contact information from Scott Kaminski because Kaminski's lawyer was not responding to his law firm's messages. Defendants claim that Grayiel's failure to schedule a deposition with Kaminski is not a reasonable justification. The Court disagrees. Although these facts were not specifically discussed by Grayiel in his Response, clearly, Grayiel would not be able to depose Kaminski if Kaminski's counsel never responded to Grayiel's counsel's messages.

In the end, the Court finds that the omission of these two witnesses' contact information by Grayiel was harmless, rather than some type of "underhanded gamesmanship" that would warrant exclusion. With the trial date set for July 30, 2018, there is still time to cure any possible surprise or prejudice toward Defendants by allowing them to depose Layne and Pilcher.

For the foregoing reasons, **IT IS HEREBY ORDERED:** Defendants' Motion to Strike, [R. 106], is **DENIED**.

**IT IS SO ORDERED**.

cc: Counsel of Record