**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:15-cv-00821-CHB-LLK**

| | |
|---|---|
| **GEORGE A. GRAYIEL** | **PLAINTIFF** |
| v. | |
| **AIO HOLDINGS, LLC, et al.** | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the motion of Defendants Sarinprapa Teema and Blue Light of Kentucky Limited Liability Company, through their counsel of record, Bryan J. Dillon, for a protective order "prohibiting the undersigned counsel for Defendants ["Dillon"] from being called as a [fact] witness in the trial of this case." [Docket Number ("DN") 178]. Plaintiff responded in opposition to the motion, and Defendants replied. [DN 184, 186]. The Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 for appropriate determination of motions and to conduct a settlement conference.[1] [DN 181].

Plaintiff identified Dillon on his witness list in August 2017; discovery closed in January 2018; and Plaintiff did not attempt to depose Dillon or otherwise seek any discovery concerning Dillon's alleged involvement with the alleged fraud. [DN 92, 117].

As detailed below, governing law dictates that the Court should grant Defendants' protective order unless Plaintiff shows that (1) no other means exist to obtain the information at issue (than through trial counsel's testimony); (2) the information sought is relevant and non-privileged; and (3) the information is crucial to Plaintiff's case. Therefore, this Order will GRANT Defendants' protective order, [DN 178], because Plaintiff satisfies none of these requirements.

---

[1] A settlement conference was held on November 19, 2020, [DN 189], and on December 22, 2020, another settlement conference was scheduled but had to be cancelled due to a medical issue with counsel, [DN 191]. The parties and the Court are in the process of scheduling a follow-up settlement conference.

1

**Governing legal standards**

"When considering whether to compel a party's attorney to testify at trial, courts in the Sixth Circuit apply the Eighth Circuit's *Shelton* test." *AWGI, L.L.C. v. Atlas Trucking Co., L.L.C.*, No. 17-12131, 2019 WL 7288766, at *2 (E.D. Mich. Dec. 30, 2019)

In *Shelton v. American Motors*, the Eighth Circuit held that a party is forbidden from deposing opposing counsel, except where the party seeking the deposition proves that "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir.1986). In *Nationwide Mutual Insurance v. Home Insurance*, the Sixth Circuit adopted the Eighth Circuit's *Shelton* test limiting depositions of opposing counsel. *Nationwide Mutual Insurance Co. v. Home Insurance Co.*, 278 F.3d 621, 628 (6th Cir. 2002).

By logical extension, the *Shelton* test applies to determine whether opposing counsel may be called as a witness at trial. The test must apply with at least equal force at trial because, among other things, Kentucky Supreme Court Rule 3.130(3.7)(a) provides that generally a "lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness." *See Stryker Corp. v. Ridgeway*, No. 1:13-CV-1066, 2016 WL 6585083, at *1 (W.D. Mich. Feb. 3, 2016) ("Ridgeway responds that Nationwide does not apply to trial testimony; however, concerns about the disruption of the adversarial nature of the judicial system are even stronger at trial than at a deposition. Thus, the same principles should apply.").

Therefore, good cause exists both to strike Dillon from Plaintiff's witness list and to grant Defendants' motion for a protective order preventing Plaintiff from calling Dillon to testify at trial unless Plaintiff satisfies each of the three *Shelton* test requirements. In other words, the Court should grant Defendants' protective order unless Plaintiff shows that (1) no other means exist to obtain the information

at issue (than through trial counsel's testimony); (2) the information sought is relevant and non-privileged; and (3) the information is crucial to Plaintiff's case.

### Discussion

Plaintiff shows none of the three *Shelton* requirements. First, Plaintiff does not show that no other means exist to obtain the information at issue. On the contrary, Defendants persuasively argue that "the information Plaintiff seeks can be provided by other individuals, such as attorneys [David] Pedley and [Charles] Dollison," [DN 178-1 at 10], and that "[f]or each document identified by Plaintiff in opposition to Defendant's Motion for Protective Order, there are other witnesses available who could provide the necessary foundation for the introduction of the identified documents," [DN 186 at 7]. "Most, if not all, of these documents have been identified and discussed in depositions of the parties and other witnesses." *Id.*

Second, Plaintiff does not show that the information sought is non-privileged. Plaintiff argues that Dillon's communications with Martin Twist are not privileged due to waiver of the attorney-client privilege through the crime-fraud exception and through disclosure to third parties. [DN 184 at 10, 13]. The suggestion that Dillon committed a crime is speculative as he has not been prosecuted for any crime. *See Guglielmo v. Montgomery Cty.*, No. 3:17-CV-6, 2018 WL 8460201, at *8 (S.D. Ohio June 1, 2018) (rejecting applicability of the crime-fraud exception where allegation that attorneys "committed crimes is merely speculation" as "[n]one have been prosecuted for any crime."). In any event, even if there was a waiver of the attorney-client privilege, that only satisfies the second requirement. *See Chesher v. Allen*, 122 F. App'x 184, 188 (6th Cir. 2005) ("The finding of the crime-fraud exception only satisfied the second prong of the *Shelton* test. … The first and third prongs must also be proven to compel discovery [in this case, trial testimony] from Attorneys.").

3

Third, Plaintiff does not show that the information is crucial to his case. Therefore, because none of the *Shelton* requirements are satisfied, the Court should GRANT Defendants' motion for a protective order, [DN 178].

The above conclusion is buttressed by two additional considerations. First, Plaintiff identified Dillon on his witness list in August 2017, and discovery closed in January 2018. [DN 92, 117]. Yet Plaintiff did not attempt to depose Dillon or otherwise seek any discovery concerning Dillon's alleged involvement in the alleged fraud.

Second, this Court has strong precedent against granting motions to disqualify counsel, and, in this case, requiring Dillon to testify would be tantamount to disqualification. *See Altenhofen v. S. Star Cent. Gas Pipeline, Inc.*, No. 4:20CV-00030-JHM, 2020 WL 6877573, at *1 (W.D. Ky. Nov. 23, 2020) ("[D]isqualification of counsel is a drastic measure that courts should be hesitant to impose except when absolutely necessary" because it "separates a party from the counsel of its choice with immediate and measurable effect.") (quoting *Zurich Ins. Co. v. Knotts*, 52 S.W.3d 555, 560 (Ky. 2001)); *Jacobs v. Floorco Enterprises, LLC*, No. 3:17-CV-90-RGJ-CHL, 2020 WL 1290607, at *10 (W.D. Ky. Mar. 18, 2020) (same).

## ORDER

For the foregoing reasons, the Court hereby GRANTS the motion of Defendants Sarinprapa Teema and Blue Light of Kentucky Limited Liability Company, through their attorney of record, Bryan J. Dillon, for a protective order "prohibiting the undersigned counsel for Defendants from being called as a witness in the trial of this case." [DN 178].

April 22, 2021

Lanny King, Magistrate Judge
United States District Court